UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN KIM,

          Plaintiff,

   v.

SANOFI PASTEUR INC.,

          Defendant.

C18-31 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for sanctions, docket no. 18, is GRANTED in part and DENIED in part as follows. The Court is disappointed with the conduct of plaintiff's counsel during the course of plaintiff's deposition. Federal Rule of Civil Procedure 30(c)(2) requires that objections be "stated concisely in a nonargumentative and nonsuggestive manner." Plaintiff's counsel crossed the line numerous times. The Court is nevertheless satisfied that defendant's counsel was not impeded in receiving answers to appropriate questions, with some exceptions. Thus, the motion is granted in part, and defendant will be permitted to depose plaintiff **via telephone** for one (1) additional hour at a mutually convenient time prior to the close of discovery. Defendant's motion is otherwise denied.

(2) Plaintiff's motion to compel production, docket no. 30, is GRANTED in part, DEFERRED in part, and DENIED in part as follows. Within seven (7) days of the date of this Minute Order, defendant shall provide for *in camera* review the two hardcopy emails in dispute, dated April 18, 2016, and April 15, 2016, respectively, and identified as Bates Nos. SANOFI000665, SANOFI001094, and SANOFI001077-78. The emails shall be electronically filed *ex parte* and under seal, by reference to this Minute Order and without the need for any motion or stipulation to seal. The Court defers ruling on

MINUTE ORDER - 1

whether defendant will be required to produce one or both of these emails to plaintiff in either redacted or unredacted form.  Plaintiff's motion is otherwise denied without prejudice.[1]  Counsel are DIRECTED to continue to meet and confer concerning the scope of electronically-stored information ("ESI") as to which defendant claims either attorney-client or work-product privilege.

(3)     The oral argument scheduled for November 20, 2018, at 10:00 a.m., is STRICKEN.

(4)     The Court DECLINES to award attorney's fees or costs to either party in connection with the motions referenced in Paragraphs 1 and 2, above.

(5)     All future discovery disputes in this matter shall be presented via the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2).  Counsel are encouraged to work more cooperatively to expeditiously complete discovery in this case.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of November, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] Plaintiff's counsel's request that the Court review *in camera* every document highlighted in defendant's ESI Privilege Log, Ex. 10 to Minear Decl. (docket no. 36 at 26-173), is unrealistic, unreasonable, and out-of-proportion to the alleged breach of the rules relating to the assertion of privilege.  Plaintiff's attorney acknowledges that, with the exception of 16 entries, defendant's 148-page ESI Privilege Log contains "facially adequate descriptions" indicating that the communications being treated as privileged "were 'seeking,' 'relaying,' or 'regarding' legal advice."  Pla.'s Reply at 4 (docket no. 37).  If plaintiff's lawyer truly wishes to test the accuracy of these descriptions, she must substantially narrow the scope of what the Court is asked to review *in camera* and provide a much stronger basis for the Court to invade the privilege asserted by defendant.

MINUTE ORDER - 2